UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
DARYL W. HOLLEY,

                      Plaintiff,

        -against-           **MEMORANDUM OF DECISION AND ORDER**
                                            06 CV 1713 (ADS) (ARL)

THE CITY OF GLEN COVE,

                      Defendant.
----------------------------------------------------------X

**APPEARANCES:**

**DARYL W. HOLLEY**
Plaintiff Pro Se
18 Kennedy Heights
Glen Cove, NY 11542

**MIRANDA & SOKOLOFF, LLP**
Attorney for the Defendant
240 Mineola Blvd.
The Esposito Building
Mineola, NY 11501
      By:     Steven C. Stern, Esq., Of Counsel

**SPATT, District Judge.**

On April 7, 2006, Daryl W. Holley (the "Plaintiff" or "Holley") filed a complaint against the City of Glen Cove (the "Defendant" or "Glen Cove") alleging that the Defendant discriminated against him on the basis of his race and alleged disability. On July 21, 2006, the Plaintiff filed a return of service of the summons, indicating that the Defendant had been served at a 9 School Street address in Glen

Cove, New York on July 5, 2006. On December 6, 2006, the Plaintiff moved for a default judgment, noting that the Defendant failed to respond to the complaint.

On January 17, 2007, the Defendant submitted papers in opposition to the motion for a default. The Defendant contended that it did not receive notice of the Plaintiff's lawsuit because the Plaintiff failed to properly serve the Defendant with the summons and complaint. The Defendant noted that it had no record of receipt of the summons and complaint because process was improperly served at 9 School Street. The Defendant should have been served at 9 Glen Street in Glen Cove, New York.

On March 28, 2007, this Court denied the Plaintiff's motion for a default judgment. In its Order, the Court noted "The Plaintiff may re-serve the Defendant at the correct address within 30 days from the date of this Order."

According to the Court's official docket sheet, no further activity has occurred in this case. The last noted filing is this Court's March 28, 2007 Order. The Plaintiff failed to submit a re-served summons and has taken no further activity in support of his case.

Based on the foregoing, it is hereby

**ORDERED**, that the Plaintiff's complaint is dismissed for failure to prosecute; and it is further

**ORDERED**, that the Clerk of the Court is directed to close this case.

**SO ORDERED**

Dated: Central Islip, New York
April 30, 2008

                                                                          */s/ Arthur D. Spatt*
                                                                          ARTHUR D. SPATT
                                                               United States District Judge